UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYRONE B. ESTES,

    Plaintiff,

v.

VACA,

    Defendant.

Case No. 24-cv-02981-JSC

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against Correctional Officer Vaca, Jr. at Salinas Valley State Prison ("SVSP"). Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the complaint is dismissed with leave to amend.

## BACKGROUND

On the form complaint, Plaintiff's "statement of claim" consists of one sentence: "I was touch[ed] sexually on my behind by Officer Vaca Jr. and racially discriminated by him." (ECF No. 1 at 3.) Plaintiff attaches an administrative grievance to the complaint that provides slightly more information. In it, Plaintiff states on February 18, 2024, Vaca searched him before "pill call." (*Id.* at 6.) After Plaintiff received his pills, Vaca searched him again "out of spite and because I'm black," and Vaca "felt my ass." (*Id.*)) Plaintiff alleges Vaca "constantly harasses African American inmates." (*Id.*)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided

or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pleadings filed by parties unrepresented by an attorney must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff has not alleged enough facts to raise a claim of sexual harassment "above a speculative level."  *Twombly*, 550 U.S. at 550.  Sexual harassment violates the Eighth Amendment.  *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).  "A prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner."  *Id.*  Neither the complaint nor its attachments, even when liberally construed, allege any non-conclusory facts suggesting the

2

1  touching was done in a "sexual manner," for "sexual gratification," or to humiliate or demean
2  Plaintiff. *See id*. A body search, which Plaintiff alleges Vaca conducted, would necessarily
3  include touching the buttocks. Plaintiff alleges no specific facts that, if true, would plausibly
4  suggest the touching was sexual. The allegations that Vaca touched him "sexually" and out of
5  "spite" (ECF No. 1 at 3, 6) are conclusory. Without more, such allegations do not state a
6  "plausible" claim of sexual harassment in violation of his Eighth Amendment rights. *See*
7  *Twombly*, 550 U.S. at 555.

8  For similar reasons, Plaintiff also has not stated a "plausible" racial discrimination claim
9  against Vaca. *See id.* "The Equal Protection Clause of the Fourteenth Amendment commands
10 that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,'
11 which is essentially a direction that all persons similarly situated should be treated alike." *City of*
12 *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S.
13 202, 216 (1982)). A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on
14 race must plead intentional unlawful racial discrimination or allege facts that are at least
15 susceptible of an inference of racially discriminatory intent. *Monteiro v. Tempe Union High*
16 *School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must
17 allege that the defendant state actor acted at least in part because of plaintiff's membership in a
18 protected class. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *see also Byrd v.*
19 *Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (holding equal
20 protection claim alleging harmful treatment but not disparate treatment was properly dismissed).
21 Conclusory allegations will not suffice. *Ventura Mobilehome Comms. Owners Ass'n v. City of*
22 *Buenaventura*, 371 F.3d 1046, 1055 (9th Cir. 2004) (affirming dismissal of equal protection claim
23 because "[a]side from conclusory allegations, Appellant has not . . . alleged how [similarly
24 situated individuals] are treated differently").

25 The racial discrimination claim must be dismissed. Plaintiff alleges no facts plausibly
26 showing the touching of his buttocks was based upon his race, as opposed to some non-race-based
27 reason. His allegation that Vaca "constantly harasses" African-American inmates is conclusory
28 because Plaintiff does not allege any facts about these other alleged instances of harassment, such

3

as whether the harassment was verbal, physical, sexual or some combination; when or how often this harassment occurred; or any facts revealing a racially discriminatory intent behind the harassment. Plaintiff also does not allege Vaca did not harass inmates who are not African-American in a similar manner. Consequently, the complaint and its attachments, even when liberally construed, do not set forth non-conclusory factual allegations that state a "plausible" claim for racial discrimination in violation of Plaintiff's equal protection rights.

Plaintiff will be given leave to amend his complaint to state a claim under Section 1983 that is capable of judicial review and determination.

## CONCLUSION

For the foregoing reasons,

1. The complaint is DISMISSED with leave to amend.

2. Plaintiff may file an amended complaint on or before September 24, 2024. The amended complaint must include the caption and civil case number used in this order (No. C 24-2981 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, this case will be dismissed.

//

//

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: August 22, 2024

JACQUELINE SCOTT CORLEY
United States District Judge